UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GLENN TAYLOR,

      Plaintiff,

v.                                                   Case No. 11-C-249

SGT. VAN LANEN, et al.,

      Defendants.

**MEMORANDUM AND ORDER**

Plaintiff Taylor, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at Green Bay Correctional Institution. Plaintiff alleges that Defendant Sgt. Van Lanen searched him and found Black Panther material. As a result, Plaintiff was punished and placed in extended punitive segregation as a result of his possession of Black Panther literature. In my screening order, I noted that "In the First Amendment context . . . a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system ." *Pell v. Procunier,* 417 U.S. 817, 822 (1974). Although I allowed the case to proceed, that did not foreclose the Defendants' ability to file a dispositive motion. They have now done so, and for the reasons given herein, the motion for summary judgment will be granted.

The Defendants argue that Taylor failed to exhaust his administrative remedies. The Prison Litigation Reform Act requires that an inmate challenging prison conditions must first exhaust "such administrative remedies as are available" before coming to federal court. 42 U.S.C.

§ 1997e(a). Although there are many reasons behind this rule, among the most important is that the rule ensures that the prison administration has an opportunity to receive notice of, and correct, any constitutional errors before an inmate files a federal lawsuit. Wisconsin prisons have a grievance system called the Inmate Complaint Review System, and the scope of this complaint review system is "wide." *Johnson v. Litscher,* 260 F.3d 826, 829 (7th Cir. 2001). In *Johnson,* an inmate alleged that he was transferred to a maximum security facility in retaliation for his exercise of his First Amendment rights. The court held that the inmate was required to first bring his complaint through the ICRS before he could file a federal lawsuit. *Id.* at 830.

Plaintiff argues that he did exhaust his administrative remedies because he challenged the discipline he received through his appeal of his discipline. During his appeal, he indicated his belief that he had a constitutional right to freely express and associate and that "the material did not disrupt the institution." (Dkt. # 32 at 4.) He further wrote that he could not be punished for his political beliefs. The warden denied the appeal but reduced the punishment to 120 days.

This does not constitute proper exhaustion. Following passage of the PLRA, "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards." *Woodford v. Ngo,* 548 U.S. 81, 85 (2006). Although Plaintiff may have alerted the warden of the institution about the gist of his constitutional argument (however vague it may have been), he did not sufficiently advise the relevant decision-makers about his position. As Defendants point out, the purpose of disciplinary proceedings is to assess the conduct of the inmate, not that of the prison staff. A single sentence in a disciplinary appeal does not alert the authorities to the actual nature of the issue being raised. "While the mention of a constitutional claim during plaintiff's disciplinary hearing could potentially have satisfied his substantive exhaustion requirement by virtue of his

2

having notified prison officials of the nature of his claims, he did not fulfill his procedural exhaustion requirement by 'compl[ying] with the system's critical procedural rules.'" *Chavis v. Goord,* 2007 WL 2903950, *9 (N.D.N.Y. 2007) (citing *Woodford,* 548 U.S. at 95). As the state points out here, this is not a mere technicality. Had Plaintiff followed the proper exhaustion process through the ICRS, he would have allowed not just the warden but also the Secretary of the Department of Corrections to review Plaintiff's claim. *See* Wis. Admin. Code § DOC 310.13, 310.14. It would also have allowed for a fuller picture of what the Plaintiff's argument actually was. The ICRS was available to Plaintiff to challenge the prison's confiscation of his political materials.

That such administrative remedies were "available" to Plaintiff is demonstrated by the fact that he did file just such a grievance. In a three-page filing, he alleged that Defendant Van Lanen was targeting black inmates with unpopular political beliefs, such as those held by communists, socialists and Black Panthers. (Gozinske Aff., Ex. 101 at 2.) In reviewing his grievance, the complaint examiner concluded that Plaintiff had not provided any evidence that Defendant Van Lanen's actions were improper or motivated by a desire to punish Plaintiff for unpopular political beliefs. (Gozinske Aff., Ex. 101 at 6.) The examiner noted that if Plaintiff had more details or evidence, his complaint against Van Lanen would be more viable. The notice sent to Plaintiff also informed him that if he was dissatisfied with the decision, he could appeal. Plaintiff did not appeal. By failing to appeal, Plaintiff failed to use "such administrative remedies as are available." 42 U.S.C. § 1997(e). *Dixon v. Page,* 291 F.3d 485, 491 (7th Cir. 2002). The situation here is thus much like that in *Reynoso v. Swezey*, where the plaintiff unsuccessfully argued that his disciplinary appeal satisfied the PLRA's exhaustion requirement. "The evidence in this case shows that plaintiff filed a grievance-in fact, several grievances-about the November 22 incident, and that his grievances

3

were denied on the merits following an investigation by DOCS officials. Plaintiff does not deny that he never appealed any of those grievances all the way to CORC." 423 F. Supp.2d 73, 75 (W.D.N.Y. 2006).

In short, Plaintiff's disciplinary appeal did not exhaust all "available" remedies, as demonstrated by the fact that there was an ICRS appeal available to him that he did not use. Accordingly, the motion for summary judgment will be granted.

Plaintiff also moves to amend his complaint. He seeks to add claims arising out of an incident on May 15, 2011, when he alleges he was disciplined improperly after assisting to break up a fight. These claims are not related to the present case. Even if the claim alleges retaliation for bringing the instant case, it is brought against different individuals regarding a different incident. "Unrelated claims against different defendants belong in different suits . . . to ensure that prisoners pay the required filing fees." *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff also seeks to add a claim that *is* related to the current lawsuit. He alleges that he was denied due process before being given the punishment he was given for possessing Black Panther material. The proposed amendment will be denied for the reasons set forth earlier: Plaintiff has not exhausted any claim relating to the procedure used to impose time in segregation. In fact, in his own brief he admits that he "had no procedural issue to raise" at the time he appealed his discipline. (Dkt. # 32 at 2.) Thus, it is clear that Plaintiff never alerted the proper authorities through the administrative process about his due process argument.

Finally, Plaintiff moves for preliminary injunctive relief relating to the May 15 incident, which he asserts was used as a pretext for prison officials to impose a lengthy term in segregated

4

confinement.  For the reasons stated above, however, claims arising out of that incident are not properly joined here.  Accordingly, the motion for preliminary injunctive relief will be denied.

The Defendants' motion for summary judgment is **GRANTED**, and the case is **DISMISSED**.  The Plaintiff's motion for injunctive relief and to amend are **DENIED**.

**SO ORDERED** this   13th   day of September, 2011.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge